IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAMERON LUM, | ) CIVIL NO. 11-00547 JMS-BMK |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT |
| | ) GO WIRELESS, INC.'S MOTION TO |
| vs. | ) DISMISS, AND GRANTING LEAVE |
| | ) TO AMEND |
| GO WIRELESS, INC.; DAVID | ) |
| FUKINO; and DOE DEFENDANTS | ) |
| 1-100, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER GRANTING DEFENDANT GO WIRELESS, INC.'S MOTION TO DISMISS, AND GRANTING LEAVE TO AMEND

### I. INTRODUCTION

Before the court is Defendant Go Wireless, Inc.'s ("Go Wireless") Motion for Judgment on the Pleadings or to Dismiss, in which it asserts that Plaintiff Kameron Lum's ("Lum") Complaint fails to state a claim upon which relief can be granted.[1] The court heard the Motion on December 19, 2011, and

---

[1] The Motion is brought under both Federal Rule of Civil Procedure 12(c) (seeking judgment on the pleadings) and 12(b)(6) (asserting a failure to state a claim). Because the pleadings are not closed -- an Answer has not been filed by Defendant Go Wireless, and co-Defendant David Fukino has not appeared -- a motion for judgment on the pleadings is premature. *See Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). Nevertheless, the standard for reviewing a motion for judgment on the pleadings is the same as under a Rule 12(b)(6) motion. *See, e.g.*, *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, the court will treat the Motion as a Motion to Dismiss under Rule 12(b)(6).

orally granted the Motion. This Order provides an explanation of the oral rulings, and addresses certain matters that were not discussed at the hearing.

## II. **BACKGROUND**

The court assumes the allegations of the Complaint as true for purposes of this Motion. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). The parties are familiar with the Complaint, and the court repeats here only relevant allegations.

Lum was employed as a wireless consultant with Go Wireless in 2009. Doc. No. 1-1, Compl. ¶¶ 8, 10. Lum's manager was David Fukino ("Fukino"). *Id.* ¶ 11. On June 8, 2009, Fukino "copied a posting from Craigslist, in the 'Men seeking men' section, entitled 'Westside Boiz (Kapolei)' and added a picture of [Lum] onto it, making it appear as though [Lum] posted the add (sic), seeking another man." *Id.* Lum did not know that Fukino did this and did not consent to Fukino's posting of the picture. *Id.* ¶ 12. "At the time [Lum] was in a committed relationship and was not seeking other men." *Id.* ¶ 13.

On June 10, 2009, Fukino sent Lum an email "that was supposed to be the Craigslist post" but, instead of containing Lum's picture, "contained a picture of a snowman." *Id.* ¶¶ 14-15. The email read "See attached file. This is not you. The one I have of you, I will send tomorrow. I have people behind me who are

laying down on the bed, so I can't crop your picture in front of them." *Id.* ¶ 16. The same day, Fukino "sent [Lum] a Craigslist posting entitled 'The moment of truth,' which had a picture of [Lum] attached." *Id.* ¶ 17.

On June 11, 2009, Lum "confronted [Fukino] regarding this posting," *id.* ¶ 19, and "how [Fukino] managed to get [Lum's] photograph which he used to create the posting." *Id.* ¶ 22. After initially "denying any wrongdoing," Fukino admitted that he linked his phone to Lum's without Lum's knowledge and was able to access and copy photographs of Lum without permission. *Id.* ¶¶ 20, 23.

Six months later, on December 5, 2009, Lum reported these events by sending an email to Go Wireless Human Resource Manager Kristine Curtiss ("Curtiss"), "with a copy of the email that [Fukino] sent [Lum] and subsequently posted online." *Id.* ¶ 24. He also reported events to Go Wireless District Manager, Lena Standfield ("Standfield"). *Id.*

On December 15, 2009, Lum received an email containing a document indicating Go Wireless had conducted an internal investigation, indicating that Fukino would be transferred to a different location. *Id.* ¶¶ 27-29. By a December 16, 2009 email, Lum "expressed his disapproval" to Curtiss that Fukino was not terminated. *Id.* ¶ 29. Lum later emailed Curtiss and told her he was "uncomfortable working for" Go Wireless after the disposition of his

3

complaint. *Id.* ¶ 31.

A few days later, Lum "was informed by a colleague" that Curtiss told store managers that she "wanted to get [Lum] fired." *Id.* ¶ 33. Curtiss told managers to "let her know if [Lum] showed up late for work." *Id.* "[Lum] felt retaliated against and did not feel comfortable working for [Go Wireless] . . . [and] tension escalated to the point where [Curtiss] yelled at [Lum] over the telephone." *Id.* ¶ 34. "[Lum] finally resigned on March 5, 2010, once [Fukino] appeared at the Kapolei location of [Go Wireless]. . . . Up until that point, [Lum] was promised that [Fukino] would never be at the same location as [Lum] at any time." *Id.* ¶ 35.

The Complaint alleges that Go Wireless and Fukino[2] (1) violated Title VII of the Civil Rights Act of 1964; (2) violated Hawaii Revised Statutes ("HRS") § 378-2; (3) committed intentional infliction of emotional distress ("IIED"); (4) breached a contract; and (5) violated HRS § 378-62 (Hawaii Whistleblower Protection Act).

---

[2] All Counts of the Complaint are alleged against both Defendants. The record does not reflect whether Fukino has been served, and he has not entered an appearance in the action. Nevertheless, the court *sua sponte* dismisses the claims against Fukino for the same reasons set forth by Go Wireless. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted); *Omar v. Sea-Land Serv.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.*

///

///

## IV. **DISCUSSION**

### A. Count One -- Title VII

Count One simply alleges that "the above acts by Defendants with respect to Plaintiff constituted a violation of Title VII of the Civil Rights Act of 1964." Count One fails, however, to articulate Plaintiff's theory or theories of a Title VII violation. The court infers that Count One is making a claim of "same sex" gender discrimination or sexual harassment (and, indeed, the parties have independently limited their arguments to such claims). *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75 (1998) (recognizing that sex discrimination consisting of same-sex sexual harassment is actionable under Title VII where discrimination occurs "because of" a plaintiff's sex).[3]

The Complaint fails to state a prima facie case of same-sex sexual harassment. The Complaint does not indicate, for example, whether Lum or Fukino is homosexual, and thus whether the Craigslist/email incident could have been a solicitation or, on the other hand, meant to tease or harass Lum. There are no facts pled that indicate a harasser (*e.g.*, Fukino) made "proposals to engage in sexual activity" towards Lum or that Fukino is homosexual or acted out of "sexual

---

[3] The parties do not discuss (and there are no allegations supporting) a Title VII-based theory of retaliation under 42 U.S.C. § 2000e-3(a).

desire" toward Lum. *See Hughes v. Mayoral*, 721 F. Supp. 2d 947, 959 (D. Haw. 2010); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 765 (6th Cir. 2006). There are no facts pled indicating Fukino was motivated by hostility toward men in the workplace. *Vickers*, 453 F.3d at 765. And there are no facts pled that could constitute "comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace." *Oncale*, 523 U.S. at 80-81. That is, the Complaint does not allege that Fukino treated men and women differently. *See Hughes*, 721 F. Supp. 2d at 960.

The Complaint also fails to state a prima facie claim of sexual harassment hostile work environment. Even assuming the Craigslist posting and emails to Lum were conduct "of a sexual nature" and that they were unwelcome, the conduct was a one-time, isolated incident. The conduct was not "severe or pervasive" so as "to alter the conditions of [ ] employment." *Id.* at 959 (quoting *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1054 (9th Cir. 2007)). Furthermore, to the extent Fukino was a supervisor "with immediate . . . authority" over Lum, there is no "tangible employment action" alleged. *See Craig*, 496 F.3d at 1055 (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)). And the Complaint alleges that, as soon as Lum notified Go Wireless of the incidents, Go Wireless conducted an investigation and re-assigned Fukino. *See Faragher*,

7

524 U.S. at 807 (discussing a "reasonable care" defense of an employer).

In short, given the deficiencies in the Complaint, a Title VII claim is not plausible on its face. *See Iqbal*, 129 S. Ct. at 1949. Count One is DISMISSED. Nevertheless, "[d]ismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009). The court cannot say at this stage of the litigation that this claim cannot be saved by an amendment. Accordingly, the dismissal is with leave to amend.

**B.     Count Two -- HRS § 378-2**

Count Two, like Count One, simply alleges that "the above acts by Defendants with respect to Plaintiff constituted a violation of [HRS §] 378-2." Doc. No. 1-1, Compl. ¶ 44, and thus also fails to articulate the basis of the violation. Section 378-2 is a state law counterpart to Title VII. Like Title VII, § 378-2 requires discrimination "because of" a plaintiff's sex. In this regard, the court applies *Oncale* in evaluating Lum's same-sex harassment claim under § 378-2. *See Hughes*, 721 F. Supp. 2d at 961. It follows that Count Two fails to state a claim. The Complaint does not allege that Fukino made proposals to engage in sexual activity towards Lum. It pleads no facts indicating Fukino was "motivated by hostility toward" men. And the Complaint does not allege that Fukino treated

8

men and women differently in the workplace. *See Hughes*, 721 F. Supp. 2d at 960.[4]

Under Hawaii law, the elements of a hostile environment sexual harassment claim under § 378-2 are:

> (1) he or she was subjected to sexual advances, requests for sexual favors, or other verbal or physical conduct or visual forms of harassment of a sexual nature; (2) the conduct was unwelcome; (3) the conduct was severe or pervasive; (4) the conduct had the purpose or effect of either: (a) unreasonably interfering with the claimant's work performance, or (b) creating an intimidating, hostile, or offensive work environment; (5) the claimant actually perceived the conduct as having such purpose or effect; and (6) the claimant's perception was objectively reasonable to a person of the claimant's gender in the same position as the claimant.

*Nelson v. Univ. of Haw.*, 97 Haw. 376, 390, 38 P.3d 95, 109 (2001) (emphases omitted).

Applying these factors under § 378-2, the Complaint alleges no facts indicating Lum was subjected to sexual advances, or requests for sexual favors. Neither was the conduct "severe or pervasive" under state law. *See id.* And, even if it was, there are no allegations that the conduct "had the purpose or effect of

---

[4] Lum's Opposition appears to point to Curtiss and Standfield as women who were not treated as Lum was treated. Pl.'s Opp'n at 5. According to the Complaint, however, Curtiss and Standfield were the Human Resources and District Managers, respectively. They did not work for Fukino and would not be in any position to have been treated differently by him.

affecting" Lum's employment. *See Arquero v. Hilton Hawaiian Vill. LLC*, 104 Haw. 423, 431, 91 P.3d 505, 513 (2004) (recognizing that Hawaii analyzes "severe and pervasive" differently than under federal law).

In short, Count Two fails to state a claim under § 378-2. Such a claim is not plausible on its face. At this stage, however, it is not clear that this claim cannot be saved by amendment. *Moss*, 572 F.3d at 972. Accordingly, the dismissal is with leave to amend.

**C.     Count Three -- IIED**

Count Three, alleging IIED, also fails to state a claim. Even assuming Go Wireless could be liable for actions of Fukino on a respondeat superior theory, Fukino's actions, as pled, were not "outrageous" as being "beyond all possible bounds of decency," and "utterly intolerable in a civilized community." *Hughes*, 721 F. Supp. 2d at 965 (quoting Restatement 2d Torts § 46 cmt d (1965)). As currently pled, there are no facts indicating the incident was anything more than a distasteful prank. *See, e.g.*, *Young v. Allstate Ins. Co.*, 119 Haw. 403, 425, 198 P.3d 666, 688 (2008) (reasoning that an IIED claim cannot be based on "threats, annoyances, petty oppressions, or other trivialities'); *Shoppe v. Gucci Am., Inc.*, 94 Haw. 368, 387, 14 P.3d 1049, 1068 (2000) (finding abusive verbal attacks were not outrageous as a matter of law).

Moreover, the Complaint also fails to allege any factual content regarding Lum's suffering of "extreme emotional distress" -- an independent element of an IIED claim. *Hughes*, 721 F. Supp. 2d at 964. The Complaint simply lists the elements of an IIED claim, Doc. No. 1-1, Compl. ¶¶ 47-50, and these legal conclusions are not supported by factual allegations. *See, e.g.*, *Rezentes v. Sears, Roebuck & Co.*, 2010 WL 1905011, at *7 (D. Haw. May 10, 2010) (dismissing IIED claim for failure to allege details of extreme emotional distress, relying in part on *Twombly*, which reasoned that "a formulaic recitation of the elements of a cause of action will not do") (citing *Twombly*, 550 U.S. at 555).

What's more, the IIED claim against Go Wireless for its *own* actions after Lum reported the incident were not "outrageous." According to the Complaint, after Lum notified Curtiss and Standfield on December 5, 2009 of the incident, Go Wireless immediately conducted an internal investigation and then re-assigned Fukino away from Lum -- conduct that is not outrageous. *See Hughes*, 721 F. Supp. 2d at 965 ("Hawaii 'courts have generally been reluctant to define conduct as outrageous.'") (citation omitted); *cf. Craig*, 496 F.3d at 1059 ("[IIED] [l]iability for the employer typically attaches only when a company utterly fails to investigate or remedy the situation.") (Arizona law).

Count Three thus fails to state a claim for IIED that is plausible on its

face. At this stage, however, it is not clear that this claim cannot be saved by amendment. *Moss*, 572 F.3d at 972. Accordingly, the dismissal is with leave to amend.

### D.     Count Four -- Breach of Contract

Lum admits that Count Four, alleging a breach of contract, is deficient. Pl.'s Opp'n at 17. He only asks for leave to amend to correct this deficiency. Accordingly, Count Four is DISMISSED with leave to amend.

### E.     Count Five -- Whistleblower Protection Act/Violation of Public Policy

Count Five alleges a violation of HRS § 378-62, which provides in pertinent part that "[a]n employer shall not discharge, threaten, or otherwise discriminate against an employee . . . because . . . the employee . . . reports . . . a violation or suspected violation of . . . [a] law, rule, ordinance, or regulation, adopted pursuant to law of this State. . . or the United States[.]" Count Five fails to state a claim because the Complaint does not allege Lum was "discharged, threatened, or otherwise discriminated against" because he reported a suspected violation of state or federal law. It is insufficient that Lum "felt retaliated against and felt uncomfortable" and that Curtiss "yelled at Lum." Doc. No. 1-1, Compl. ¶ 34. The Complaint alleges that Lum "resigned" -- not that he was discharged or constructively discharged.

Count Five also alleges that the violation of § 378-62 is a violation of public policy under the "*Parnar/Kinoshita* doctrine." Doc. No. 1-1, Compl. ¶ 59. The court infers Lum is bringing a common law claim for wrongful discharge in violation of public policy recognized in *Parnar v. Americana Hotels, Inc.*, 65 Haw. 370, 652 P.2d 625 (1982). Such a claim fails, however, because Lum was not discharged. Moreover, this common law claim is barred as it is based on the same conduct alleged in Counts One and Two. *See Hughes*, 721 F. Supp. 2d at 962 ("Title VII and HRS § 378 expressly prohibit workplace discrimination because of race and/or sex, and courts have found that as a result, a plaintiff cannot state a *Parnar* claim based on the same conduct.").

Count Five thus fails to state a claim that is plausible on its face. At this stage, however, it is not clear that this claim cannot be saved by amendment. *Moss*, 572 F.3d at 972. Accordingly, the dismissal is with leave to amend.

## V. CONCLUSION

Based on the above, Defendant Go Wireless, Inc.'s Motion to Dismiss is GRANTED. The Complaint is DISMISSED with leave to amend. Plaintiff Kameron Lum may file an Amended Complaint attempting to cure deficiencies identified in this Order by **January 10, 2012**. If no Amended Complaint is filed

///

by **January 10, 2012**, the action will be dismissed and terminated.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, December 20, 2011.



                              /s/ J. Michael Seabright
                              J. Michael Seabright
                              United States District Judge

*Lum v. Go Wireless, Inc. et al.*, Civ. No. 11-00547 JMS-BMK, Order Granting Defendant Go Wireless, Inc.'s Motion to Dismiss, and Granting Leave to Amend